NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

August 17, 2020

Jeray Alston
Register No. 65297-050
FCI McKean
P.O. Box 8000
Bradford, PA 16701
*Pro Se*

Elaine K. Lou, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:**    *United States v. Alston*
         **Criminal Action No. 19-158 (SDW)**

Litigants:

Before this Court is Defendant Jeray Alston's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 186.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

### DISCUSSION

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

>(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2.

B.

On February 28, 2019, Defendant pleaded guilty to a one-count information which charged him with conspiracy to distribute and possess with intent to distribute 1 kilogram or more of a mixture containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A). (D.E. 177; *see* D.E. 179 at 1.) On July 18, 2019, this Court sentenced Defendant to a term of imprisonment of 156 months. (D.E. 184.) Defendant is currently serving his sentence at Federal Correctional Institution McKean ("FCI McKean") in Pennsylvania. (*See* D.E 190 at 2.) On June 10, 2020, Defendant filed the instant motion requesting that he be "released [i]mmediat[e]ly" due to the "spread of the killing corona[]virus [i]n the [Federal Bureau of Prisons.]" (D.E. 186 at 1.)[1] The Government opposed on August 5, 2020, (D.E. 190), and Defendant did not file a reply.

According to Federal Bureau of Prisons ("BOP") records, Defendant applied to the warden of FCI McKean for compassionate release on April 7, 2020, citing the "threat of deadly corona[]virus." (D.E. 190-1.) The BOP denied Defendant's application on April 9, 2020, stating that Defendant's "concern about possibl[y] contracting the [c]orona[]virus does not currently warrant an early release from [his] sentence." (D.E. 190-2.) As more than thirty days have passed since the warden received Defendant's request, this Court would normally consider Defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A).

However, Defendant appealed his conviction on July 6, 2020. (D.E. 188.)[2] "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citations omitted). Defendant's appeal deprives this Court of jurisdiction over any matter relating to his sentence, including the instant request for compassionate release. *See United States v. Davis*, 924 F.2d 501, 504 (3d Cir. 1991) (noting that a district court lacks jurisdiction to change a sentence after a notice

---

[1] Defendant's motion is dated April 5, 2020.

[2] Defendant's notice of appeal is dated June 26, 2020.

2

of appeal is filed) (citing *United States v. Batka*, 916 F.2d 118 (3d Cir. 1990)).  Under Federal Rule of Criminal Procedure 37(a), this Court may therefore (1) defer consideration of Defendant's motion, (2) deny his motion, or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

This Court will deny Defendant's motion for lack of jurisdiction.  In doing so, this Court additionally notes that Defendant's motion presents no "compelling and extraordinary reasons [] to justify compassionate release."  *See Epstein*, 2020 WL 1808616, at *2.  Defendant states a generalized fear that he will contract COVID-19 at FCI McKean.  (*See* D.E. 186 at 1.)  However, he fails to allege that he is in a medically vulnerable category of individuals or at an increased risk of serious illness should he contract COVID-19.  In fact, Defendant is thirty years old and "relatively healthy" according to his own past statements.  (D.E. 190 at 3.)  As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).[3]

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release is **DENIED**.[4]  An appropriate order follows.

                                                                                                              /s/ Susan D. Wigenton
                                                                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties

---

[3] Even if this Court possessed jurisdiction and Defendant set forth a cognizable basis for release, other factors would weigh against release, including his admitted participation in a drug trafficking organization while on federal supervised release.  *See* 18 U.S.C. § 3553(a)(1) (instructing a court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in imposing a sentence).  Furthermore, Defendant has served less than two years of a 13-year sentence and "the substantial sentencing reduction required for granting compassionate release here . . . would be inconsistent with the § 3553(a) factors."  *United States v. Pawlowski*, No. 20-2033, 2020 WL 4281503, at *2 (3d Cir. June 26, 2020) (affirming denial of compassionate release where defendant had served less than two years of a 15-year sentence).

[4] On June 16, 2020, Defendant filed a letter requesting *pro bono* "[a]ssistance of counsel" and an extension of time to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 187.)  First, extensions of time to file a § 2255 motion are to be granted "sparingly" and only upon a showing that the petitioner has been pursuing his rights diligently and an extraordinary circumstance has stood in his way.  *See United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).  Defendant has made no such showing here and his request for an extension is therefore **DENIED**.  Defendant may argue for equitable tolling if he files a § 2255 motion at a later date and the "facts of the matter so warrant."  *See Thieme v. United States*, No. 19-15507, 2020 WL 1441654, at *2 (D.N.J. Mar. 24, 2020).  Second, habeas petitioners may not be appointed counsel unless they have, at the very least, presented a nonfrivolous claim for relief.  *See Morris v. Baker*, No. 14-6785, 2015 WL 5455651, at *1 (D.N.J. Sept. 15, 2015).  As Defendant has failed to present any claim, let alone a nonfrivolous claim, Defendant's request for the appointment of counsel in order to file a 28 U.S.C. § 2255 motion is also **DENIED**.  Finally, although the request is unrelated to his motion for compassionate release, this Court notes that legal representation would not have changed the outcome of this motion, as this Court lacks jurisdiction to grant Defendant's release pending his appeal.